IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAVONN ANTONIO WEBSTER BASSETTE, SR.,

    **Petitioner,**

**v.**                                             Civil Action No. 3:25cv504

**JEFFREY N. DILLMAN,**

    **Respondent.**

## MEMORANDUM OPINION

Davonn Antonio Webster Bassette, Jr., a Virginia inmate proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity

by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").

Bassette's submissions failed to indicate that he had presented his claims for relief to the Supreme Court of Virginia by either direct review or by collateral review. Accordingly, by Memorandum Order entered on July 16, 2025, the Court directed Bassette to show cause, within twenty (20) days of date of entry hereof, as to why his § 2254 Petition should not be dismissed for lack of exhaustion. Bassette has not responded.

Bassette fails to demonstrate he has exhausted his state remedies. Moreover, the issues here may be resolved by collateral appeal. Bassette fails to demonstrate any exceptional circumstances warranting the consideration of his habeas petition at this time. Accordingly, Bassette's § 2254 Petition and the action will be DISMISSED WITHOUT PREJUDICE because he has failed to demonstrate that he has exhausted available state remedies or that exceptional circumstances warrant consideration of his petition at this juncture. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 08/28/2025
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge